IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARK ANTHONY PETERSIMES,      §
                              §
            Petitioner,       §
                              §
V.                            §
                              §          No. 3:13-cv-2530-L-BN
                              §
WILLIAM STEPHENS, Director    §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
                              §
            Respondent.       §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Mark Anthony Petersimes, a Texas prisoner, has filed an petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to stay and abate the

proceedings until he can fully exhaust state remedies. *See* Dkt. Nos. 3 & 4. For the

reasons stated herein, Petitioner's motion [Dkt. No. 4] should be denied, and his

petition [Dkt. No. 3] should be dismissed without prejudice for failure to exhaust state

remedies.

**Background**

On February 5, 2010, Petitioner pled guilty to violating certain terms of his civil

commitment as a sexually violent predator and for failing to register as a sex offender.

He was sentenced to 20 years imprisonment for the first offense and five years

imprisonment for the second offense. The first conviction was affirmed on direct

appeal. *See Petersimes v. State*, No. 05-10-00227-CR, 2011 WL 2816725 (Tex. App. –

Dallas, July 19, 2011, pet. ref'd). The appeal of his conviction for failing to register as a sex offender was dismissed pursuant to Petitioner's motion. *See Petersimes v. State,* No. 05-10-00228-CR, 2010 WL 3565812 (Tex. App. – Dallas, Sept. 15, 2010, no pet.). Petitioner has not filed an application for state post-conviction relief for either conviction. Instead, Petitioner filed this action, which raises 17 grounds for relief, in federal district court. *See* Dkt. No. 3. He also requests stay and abeyance of his federal case until he completes his state habeas application and it is ruled on by the Texas Court of Criminal Appeals. *See* Dkt. No. 4. Respondent has filed a response, *see* Dkt. No. 13, Petitioner has filed a reply brief, *see* Dkt. No. 14, and Petitioner's motion is ripe for consideration.

## Legal standards

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh,* 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *See Thomas v. Collins,* 919 F.2d 333, 334 (5th Cir. 1990); *see also Rose v. Lundy,* 455 U.S. 509, 518-22 (1982) (a "mixed" petition containing both exhausted and unexhausted claims should be dismissed); *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995) (same).

The United States Supreme Court has suggested that a petitioner is entitled to file a "protective" petition in federal court and request stay and abeyance notwithstanding his failure to fully exhaust state remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005). Such a motion is appropriate in limited circumstances, so that a petitioner may fully exhaust available remedies where there is "reasonable confusion about whether a state filing would be [considered] timely" so as to toll the limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id* at 416-17. Such a so-called *Rhines* stay is appropriate only if the petitioner shows (1) good cause for his failure to exhaust his claims, (2) his unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber,* 544 U.S. 269, 277-78 (2005).

## Analysis

Petitioner admits that he has not yet filed an application for state post-conviction relief challenging either of his convictions, so his claims have not been considered by the Texas Court of Criminal Appeals. *See* Dkt. Nos. 4 & 14. Because Petitioner has not fully presented his claims to the highest available state court, he has failed to exhaust state remedies. *See, e.g.*, *Holden v. Thaler,* No. 3:10-cv-656-G, 2010 WL 2303254, at *1-*2 (N.D. Tex. May 6, 2010), *rec. adopted,* 2010 WL 2303252 (N.D. Tex. June 4, 2010) (dismissing federal habeas petition as unexhausted where state writ was pending in the state convicting court); *see also Gaines v. Quarterman*, No. 4:06-cv-409-Y, 2006 WL 3337345 (N.D. Tex. Nov. 16, 2006) (dismissing federal habeas petition

without prejudice where petitioner had yet to seek state collateral relief).

Petitioner alleges that, because authorities at the Texas Department of Criminal Justice have refused his request for approximately 650 pieces of paper needed to prepare his state habeas pleadings, he fears that his claims will be prescribed soon after his state habeas application is considered. *See* Dkt. No. 4 at 1-2; Dkt. No. 14 at 2-3. Instead of submitting his state habeas application, Petitioner has pursued grievances with prison authorities. *See* Dkt. No. 14 at 3-4. He contends that he is unable to complete his state habeas application with only 25 extra pieces of paper a week and that he needs approximately 650 pages in order to fully prepare his "preface, index, table of content[s], table of authorities, statement of facts and statement of the case, some exhibits, some footnotes and appendixes." *See id.* at 3; *see also* Dkt. No. 3 at 18-19.

The Supreme Court has cautioned that stay and abeyance "should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. Because a properly filed application for state post-conviction relief, even if successive, tolls the statute of limitations period under the AEDPA, *see Mathis v. Thaler,* 616 F.3d 461, 472 (5th Cir. 2010), and because Texas has no limitations period for a state habeas application under article 11.07 of the Texas Code of Criminal Procedure, *see Wright v. Thaler,* No. 3:11-cv-1084-K-BH, 2011 WL 2678923, at *3 n.1 (N.D. Tex. June 15, 2011), *rec. adopted,* 2011 WL 2679003 (N.D. Tex. July 7, 2011), Texas district courts have been reluctant to grant a *Rhines* stay, *see id.*; *see also Williams v. Thaler*, No. 3:13-cv-611-M-BN, 2013 WL 1906460, at *2 (N.D. Tex. Mar. 5, 2013), *rec. adopted*, 2013 WL 1905142

(N.D. Tex. May 8, 2013). Since a petitioner has no reason to believe that his Texas habeas applications do not entitle him to statutory tolling, a motion to stay and abate is generally unnecessary to protect his ability to file a timely federal habeas petition once his state remedies are fully exhausted.

Here, Petitioner has not established good cause for stay and abeyance. The undersigned is unable to conclude that the prison's denial of extra paper prevents him from filing a timely writ. *See generally Flanagan v. Johnson,* 154 F.3d 196, 199 (5th Cir. 1998) (the AEDPA does not permit delay "while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim"). Petitioner was able to prepare a protective federal writ alleging 17 grounds for relief while using just 17 pages. *See* Dkt. No. 3. There was no trial in either of the underlying criminal cases nor does the habeas petition appear to raise novel legal issues. As of May 29, 2013, Petitioner had already received at least 225 pieces of paper from prison authorities for use on his state writ. *See id.* at 19. Presumably, the state habeas court already has access to the Clerk's Record. However, even now, months after his federal writ was filed, Petitioner has failed to submit his state habeas application.

Moreover, a stay in this case would not be consistent with the rationale behind the AEDPA. In *Rhines*, the Supreme Court observed that one of the clear purposes of the AEDPA was to "reduce delays in the execution of state and federal criminal sentences, particularly in capital cases." *Rhines*, 544 U.S. at 276 (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003)). Use of stay and abeyance must be rare because

[s]tay and abeyance, if employed too frequently, has the potential to

> undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Id.* at 277. Here, the state court has yet to receive Petitioner's habeas application, so a stay of the federal proceedings could conceivably last for over a year. A timely resolution of Petitioner's claims and the finality of his convictions are not advanced by a procedure whereby he is permitted to take advantage of the Texas courts' infinite limitations period and then return to this Court at his leisure.

The delay in this case has resulted solely from Petitioner's dispute with state prison authorities' limitation on the amount of paper that he has been provided. Petitioner has not established good cause for failure to fully exhaust state remedies.

Accordingly, his motion to stay and abate should be denied, and his Section 2254 petition should be dismissed without prejudice.

## Recommendation

Petitioner's motion to stay and abate [Dkt. No. 4] should be denied, and his Section 2254 petition [Dkt. No. 3] should be dismissed without prejudice for failure to exhaust state remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 19, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE